UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

Phillip O'Neil,

    Plaintiff,

                    07-3241

Walker et al.,

    Defendants.

## Order

Plaintiff has filed motions for appointment of counsel (d/e's 25, 36). In considering Plaintiff's motion for appointment of counsel, the Court asks: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir.1993).[1]

Applying this framework, Plaintiff has shown that he made reasonable attempts to find counsel on his own. Thus, the Court next considers whether Plaintiff appears competent to litigate without counsel, in light of the difficulty of the case:

> The inquiries are necessarily intertwined; the difficulty of the case is considered against the plaintiff's litigation capabilities, and those capabilities are examined in light of the challenges specific to the case at hand. The question is not whether a lawyer would present the case more effectively than the pro se plaintiff; "if that were the test, 'district judges would be required to request counsel for every indigent litigant.' "

*Pruitt*, 503 F.3d at 655 (quoted and other cites omitted).

Upon review of Plaintiff's submissions in the record, viewed through the lens of the claims in this case, the Court concludes that the plaintiff appears competent to litigate his own case. Plaintiff's claims in this case regard his exposure to second hand smoke and retaliation for

---

[1] Whether appointed counsel would make a difference in the outcome is a question for the Seventh Circuit on review, as *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) has clarified.

filing grievances.  Plaintiff's Complaint is literate and coherent and he attaches many exhibits in support of his allegations, which demonstrates that he understands what his claims are and the kind of evidence he needs to support them.  The retaliation claim is not complex in the court's view.  The second-hand smoke claim is more complex, but the court presumes the bulk of any potential future injury claim (which is the more difficult claim to prove) is more or less gone because Illinois prisons became smoke-free as of January 1, 2008.  That leaves Plaintiff's claim that his past exposure exacerbated or caused the physical problems that he described in his Complaint.  He can testify personally to those problems and should be able to obtain his own medical records in order to substantiate their serious and the possible connection to second-hand smoke.  At this point, therefore, it does appear to the Court that the plaintiff is able to proceed *pro se*.

Plaintiff has also filed an appointment for a medical expert to determine the cause of his physical symptoms.  The court has the discretion to appoint an expert under Fed. R. Civ. P. 706, but the purpose of Rule 706 is to help the Court or jury understand complex issues that would otherwise go unexplained.  Rule 706 is not an avenue for assisting a plaintiff in proving causation in his case (particularly where the entire expense of the expert would have to be borne by the defendants).  Here, the second-hand smoke symptoms that Plaintiff recounts are within a layman's understanding.  Likewise, the responses of the defendants to those reported symptoms are also within a layperson's understandings, and arguably all that is necessary to determine whether the defendants acted with deliberate indifference, which is the first hurdle that must be cleared before causation and damages are addressed.

IT IS THEREFORE ORDERED:

1) Plaintiff's motions for appointment of counsel are denied (d/e's 25, 36).

2) Plaintiff's motion for appointment of medical expert is denied (d/e 26) is denied.

3) Plaintiff shall disclose expert witnesses and expert testimony, if any, pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by May 30, 2008.

4) The defendants shall disclose expert witnesses and expert testimony pursuant to the requirements of Fed. R. Civ. P. 26(a)(2) by June 30, 2008.

5) Discovery closes July 31, 2008.  The plaintiff's incarceration limits him to written discovery.  Written discovery must be served on a party at least 30 days before the discovery deadline.  Discovery requests are not filed with the court, unless there is a dispute regarding such discovery.  *See* CDIL-LR 26.3.  Motions to compel discovery must be accompanied by the relevant portions of the discovery request and the response.  Additionally, except for good cause shown, motions to compel must be filed within 14 days of receiving an unsatisfactory response to a timely discovery request.

6)      Dispositive motions are due September 30, 2008.  Final pretrial and trial dates will be scheduled after a ruling on dispositive motions, if necessary.

Entered this 15th Day of February, 2008.

            **s\Harold A. Baker**

            HAROLD A. BAKER
          UNITED STATES DISTRICT JUDGE